IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM SHARROCK,** | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | Case No. 2:23-cv-4315-JDW |
| | : | |
| **MIDLAND CREDIT MANAGEMENT, INC.,** | : | |
| | : | |
| *Defendant.* | : | |

### MEMORANDUM

William Sharrock filed this civil action against Midland Credit Management, Inc. ("MCM"), raising a claim pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x.[1] For the following reasons, I will grant Mr. Sharrock leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for failure to state a claim. I will give him an opportunity to amend his complaint to fix the problems with it, if he can.

### I.   FACTUAL ALLEGATIONS

Mr. Sharrock alleges that on October 23, 2023, he reviewed his TransUnion credit report and learned that MCM "had made an inquiry (s) and reviewed [his] file without consent under the 'Account Review Inquiries'" on September 23, 2023. (Compl. ¶ 5-6).

---

[1] This is one of three essentially identical lawsuits that Mr. Sharrock filed on the same date for alleged violations of the FCRA. *See Sharrock v. Portfolio Recovery Associates, LLC*, Civ. A. No. 23-4314 (E.D. Pa.); *Sharrock v. Radius Global Solutions*, Civ. A. No. 23-4338 (E.D. Pa.).

Mr. Sharrock attached to his Complaint a copy of the credit report reflecting these entries, but most of the information in the report has been heavily redacted so the context, including any explanation of the reason for MCM's inquiries, is not clear.

Mr. Sharrock alleges that MCM never offered or extended credit to him. He also claims that he never "initiated any credit transactions with [MCM] nor had an 'account' with [MCM]," that he never gave "express consent" or "written permission" for MCM to obtain his report, and that MCM did not have a court order to obtain or review his credit report. (Compl. ¶¶ 7-10, 13(b).) He therefore concludes that MCM "did not meet the permissible purpose requirements" of the FCRA. (*Id.* at ¶ 10.)

## II.     STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th

366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. Because Mr. Sharrock is proceeding *pro se*, I construe his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

### A. *In Forma Pauperis*

Mr. Sharrock has completed the form provided on the Court's website for applications to proceed *in forma pauperis* and has attested under penalty of perjury that he cannot afford to pay the filing fees. His application to proceed *in forma pauperis* demonstrates that he lacks the income or assets to pay the required filing fees. Therefore, I will grant him leave to proceed *in forma pauperis*.

### B. Plausibility Of The Claims

The FCRA imposes civil liability upon a person who willfully obtains a consumer report for a purpose that the statute does not authorize. *See* 15 U.S.C. §§ 1681b(f), 1681n(a)). "[T]he FCRA only permits credit reporting agencies to furnish credit reports in six circumstances and no other: (1) pursuant to a court order; (2) pursuant to the written instructions of the consumer; (3) to persons whom the credit reporting agencies believe intend to use the information for specified purposes; (4) in response to a request from the head of a state or local child support agency; (5) to an agency administering a State child support plan; and (6) to the Federal Deposit Insurance Corporation or the National

Credit Union Administration pursuant to applicable federal law." *Kirtz v. Trans Union LLC*, 46 F.4th 159, 165 n.4 (3d Cir. 2022), *cert. granted sub nom. Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 143 S. Ct. 2636 (2023) (internal quotations and alterations omitted) (quoting 15 U.S.C. § 1681b(a)(1)-(6)).  The permissible purposes set forth in § 1681b(a)(3)(A) include distribution of a credit report "to an entity that 'intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, *or review or collection of an account of, the consumer*.'"  *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (*per curiam*) (quoting 15 U.S.C. § 1681b(a)(3)(A) (emphasis added).

The factual allegations underlying Mr. Sharrock's assertion that MCM lacked a permissible purpose to review his credit report are that MCM did not have his consent to review his report and had no intention of extending credit to him or making a firm offer of credit.  Although a credit reporting agency may furnish a consumer's credit report in response to a court order or with the consumer's written consent, neither a court order nor consent are required if the entity seeking the credit report has a permissible purpose to do so, which includes debt collection. These allegations appear to relate to § 1681b(c), which "authorizes an offeror of credit to access certain information from a consumer's credit report" either with the consumer's consent or "without any prior contact from the consumer in order to extend to the consumer a 'firm offer of credit.'" *Huertas v. Citigroup, Inc.*, 639 F. App'x 798, 800 (3d Cir. 2016) (*per*

4

*curiam*). However, if MCM reviewed Mr. Sharrock's consumer report in connection with an effort to collect upon an account, these provisions would not apply.

As other courts have noted, MCM is a debt collector. *See Panico v. Portfolio Recovery Assocs., LLC*, 879 F.3d 56, 57 (3d Cir. 2018). Therefore, it is plausible that MCM had a valid reason to obtain Mr. Sharrock's report. Mr. Sharrock does not address this. Instead, his Complaint is essentially predicated upon an inference that MCM lacked a permissible purpose for reviewing his consumer report because it did not comply with provisions pertaining to credit transactions or other cherry-picked provisions of the FCRA. Accordingly, the Complaint, as pled, is too vague and conclusory to state a plausible claim. *See Jones v. Best Serv. Co.*, 700 F. App'x 580, 581 (9th Cir. 2017) Mr. Sharrock simply has "not nudged [his] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Iqbal*, 556 U.S. at 678.

**IV.    CONCLUSION**

For the foregoing reasons, I will grant Mr. Sharrock leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. I will give Mr. Sharrock an opportunity to file an amended complaint in the event he can state additional facts that would give rise to a plausible claim under the FCRA. Any amended complaint must take into account the analysis in this

Memorandum. An appropriate Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

**December 18, 2023**